**SMITH v. MARVIN DRUG CO.**

No. 13014.

Court of Civil Appeals of Texas. Dallas.
April 19, 1941.

Rehearing Denied May 16, 1941.

W. L. Wray, of Hillsboro, and Lem Wray, of Waxahachie, for appellant.

Lawther, Cramer, Perry & Johnson, of Dallas, for appellee.

BOND, Chief Justice.

W. P. Smith and wife, Ollie B. Smith, filed suit against Marvin Drug Company for damages, primarily for breach of contract, and alternatively, for negligence in failing and refusing to correctly compound and deliver medicine, according to a prescription furnished to it. In the court below, plaintiffs' petition was denuded of value by special exceptions; plaintiffs declined to amend, resulting in the dismissal of their suit, and judgment for the defendant. We think the petition is not subject to the exceptions necessitating the dismissal. In passing upon demurrers, every reasonable intendment arising upon the pleadings shall be indulged in favor of its sufficiency. The petition is verbose, much of it couched in language technically considered general and excess conclusions of the pleader, but, viewing it as a whole, we think it is not vulnerable to the exceptions as to cause dismissal of the suit. A petition, good as against general demurrer and sufficient to allege a cause of action under the reasonable intendment rule, to advise the adverse party of the issues which he shall be called upon to meet on trial of the cause, is not subject to an arbitrary dismissal.

The matters complained of by exception are trivial and, we think, hypercritical, not calculated to cause surprise in answer or proof, or prejudicial to the rights of the defendant. Plaintiffs alleged in paragraph 2 that, "Mrs. Ollie B. Smith was under the treatment of Dr. Henry Winans, of Dallas, Texas, for sickness from which she was at the time suffering"; and then, in paragraph 6, "Mrs. Ollie B. Smith was and is what is known as a 'free bleeder' by which is meant, that at intervals and from time to time, she would begin to suffer a loss of blood, and such bleeding would continue indefinitely unless and until the same was stopped by a physician and his treatment and medicines. That the said Mrs. Ollie B. Smith was treated by her said physician, Dr. Henry Winans, for said sickness, and the said prescription was given her by said physician aforesaid; * * *". Defendant's exception was sustained by the trial court to the first allegation because, forsooth, plaintiffs did not there allege "specifically the nature of the alleged illness or disease of Mrs. Ollie B. Smith." Further, plaintiffs alleged that they did not know the kind and character of medicine prescribed by the physician for the disease, but that same was well known to defendant, fully set out in the prescription furnished to defendant to be filled. The court sustained defendant's exception because this allegation "wholly fails to set forth specifically the ingredients called for and required by said prescription." And, further, plaintiffs alleged that "the defendant owed a very high degree of care in filling and compounding the aforesaid prescription for plaintiffs; and, by the acceptance of the same, for a valuable consideration, impliedly warranted that the prescription and the medicine delivered to plaintiffs would be of the exact and correct amounts, quality and proportion as stated in said prescription, as written by plaintiff's said physician * * *". The court sustained defendant's exception to these allegations on the ground that "such allegation affords no basis for an action ex contractu." Further, plaintiffs alleged that the "defendants failed and refused to comply with their aforesaid contract, and their said warranty of said prescription and medicine, and failed and refused to deliver the same to plaintiffs; although plaintiff, W. P. Smith, paid the sum demanded of him, to-wit: Three and 25/100 ($3.25) Dollars in cash for the same; that defendant, its clerk, agents, and employees in charge of said prescription case and department, delivered to plaintiffs the wrong prescription, and one wholly unlike and different from that written by their said physician, and one for another and different person than plaintiffs, and delivered a prescription and medicine for the use for another and wholly different sickness, ailment and disease, and, plaintiffs were wholly ignorant of drugs, medicines, and etc., and did not and could not know of such breach of the aforesaid contract, * * *". It was disclosed in num-

-erous places in the petition that plaintiffs did not know the substituted medicine, but such was well known to the defendants. The court sustained exception to all the above allegations on the grounds that they were too general, vague and uncertain, and because plaintiffs did not state the ingredients of the medicines prescribed and of those delivered. Then again, exception was sustained by the trial court because of the vagueness, indefiniteness and uncertainty of the allegations for damages, to wit: "* * * trips to Dallas, Hillsboro and Bynum, Texas, by automobile, in effort to secure the correct prescription and medicines, and telephone calls, and other actual and necessary expenses, the total sum of One Hundred and No/100 ($100.00) Dollars"; also, for the same reason, plaintiffs' allegations "that as the proximate result of the aforesaid breach of said contract by defendant, the said Mrs. Ollie B. Smith did suffer in mind and in body, and did become worse from her aforesaid sickness, and, her said sickness did become aggravated and that she suffered from loss of blood, and became impoverished and debilitated from loss of blood, * * *; that said Mrs. Ollie B. Smith, as the proximate result of such breach of defendant, became highly nervous and unstrung and fearful, and she became suspicious of any prescription and of the compounding thereof, * * *, the plaintiffs have been damaged in the further sum of Twenty Four Hundred and No/100 ($2400.00) Dollars * * *."

In plaintiffs' alternative plea, the petition embodied substantially the same allegations as those in their primary cause of action, except that they alleged the damage restricted in negligence of the defendant. Defendant also urged substantially—and the court sustained—the same exceptions as were urged against the primary cause of action.

 In brief, appellant's primary cause of action is based on an alleged contract in which the defendant undertook to compound a medicinal prescription for plaintiffs which had been given to them by their physician for certain illness of Mrs. Smith. That instead of compounding the medicine as prescribed, the defendant compounded another and different medicine, and delivered same to plaintiffs, resulting in aggravation of Mrs. Smith's illness, and damages; and, in the alternative, plaintiffs sought to recover on the theory of negligence of the defendant in failing and refusing to fill and compound the medicine as prescribed, and delivering another and different medicine from that called for in the prescription. Applying the rule to the pleadings in review, we are of the opinion that plaintiffs should have been accorded a trial. They alleged a cause of action, and while the damages alleged "trips to Dallas, Hillsboro and Bynum, Texas, * * * telephone calls, and other actual and necessary expenses," in the sum of $100—collective items—might have been more specific, yet the proof might have followed the allegations in allocating the amount to the items alleged; and, we think, the trial court might have controlled the proof on trial; or could have deleted the allegation of "other actual and necessary expenses," and allowed proof of expenses to the towns named, and telephone calls. Certainly such trivial matters would not justify a dismissal of the entire cause of action.

For the errors as above indicated, the judgment of the court below is reversed and cause remanded for trial on the pleadings.